

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*   *(973) 645-2700*
*Newark, New Jersey 07102*

September 17, 2019

**VIA Electronic Mail**

Warren Sutnick
Sutnick and Sutnick Attorneys at Law
21 Main Street, #171
Hackensack, NJ 07601

### Re: Plea Agreement with Tornike Lubyk

Dear Mr. Sutnick:

This letter sets forth the plea agreement between your client, Tornike Lubyk ("Lubyk"), and the United States Attorney for the District of New Jersey ("the Government" or "this Office"). The Government's offer to enter into this plea agreement will expire on **November 1, 2019** if a signed copy of this agreement is not received by that date.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Lubyk to a one-count Information which charges that, on or about July 8, 2019, in Bergen County, in the District of New Jersey and elsewhere, Lubyk did knowingly and intentionally falsely assume and pretend to be an officer and employee acting under the authority of the United States and any department, agency, and officer thereof, and in such assumed and pretended character did act as such, that is, he falsely stated that he was an employee of the Federal Bureau of Investigation ("FBI"), represented that he was a law enforcement officer, and presented a purported FBI identification card, FBI badge, and a FBI security access card to certain local law enforcement officers during an encounter in violation of Title 18, United States Code, Section 912. If Lubyk enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Lubyk for impersonating a federal agent on or about July 8, 2019.

If a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Lubyk agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Mr. Lubyk may be commenced against him, notwithstanding the expiration of the limitations period after Lubyk signs the agreement.

Sentencing

The violation of Title 18, United States Code, Section 912 to which Lubyk agrees to plead guilty carries a prison sentence of 3 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross profits or other proceeds to Lubyk. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Lubyk is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Mr. Lubyk ultimately will receive.

Further, in addition to imposing any other penalty on Lubyk, the sentencing judge: (1) will order Lubyk to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Lubyk to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; (3) must order forfeiture pursuant to 21 U.S.C. § 853; (4) may deny Lubyk certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and, (5) pursuant to 21 U.S.C. § 960, must require Lubyk to serve a term of supervised release of at least 1 year, which will begin at the expiration of any term of imprisonment imposed. Should Lubyk be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Lubyk may be sentenced to not more than 1 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Additionally, if at the time of sentencing the United States is satisfied that the five enumerated characteristics set forth in 18 U.S.C. § 3553(f)(1)-(5) apply

to Lubyk and his commission of the charged offense, the United States will make such a representation to the sentencing court and will recommend that the sentencing court impose a sentence pursuant to the applicable Sentencing Guidelines without regard to any statutory minimum sentence.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Lubyk by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Lubyk's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Lubyk agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. If this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Lubyk from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Lubyk waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but

not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

Lubyk agrees that, as part of his acceptance of responsibility and pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982, Lubyk will forfeit to the United States any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense charged in the Information and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offense.

Immigration Consequences

Lubyk understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Lubyk understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Lubyk wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Lubyk understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Lubyk waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Lubyk. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Lubyk.

No provision of this agreement shall preclude Lubyk from pursuing, in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Lubyk received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Lubyk and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Sincerely,

CRAIG CARPENITO
United States Attorney

By: PERRY FARHAT
Special Assistant U.S. Attorney

APPROVED:

DARA AQUILA GOVAN
Chief, Public Protection Unit

I have received this letter from my attorney, Warren S. Sutnick, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____    Date 10-14-2019
Tornike Lubyk


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____    Date 10-25-19
Warren S. Sutnick, Esq.

Plea Agreement with Tornike Lubyk

Schedule A

1. This Office and Lubyk recognize that the United States Sentencing Guidelines are not binding on the Court. This Office and Lubyk nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Lubyk within the Guidelines range that results from the total Guidelines offense level set forth below, subject to any applicable statutory mandatory minimum. This Office and Lubyk further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level, subject to any applicable statutory mandatory minimum.

2. The version of the United States Sentencing Guidelines effective November 1, 2018, applies in this case.

3. The applicable guideline is U.S.S.G. § 2J1.1/.4(a), which carries a Base Offense Level of 6.

4. The total offense level therefore is 6.

5. As of the date of this letter, Lubyk has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Lubyk's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

6. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Lubyk is 4 (the "agreed total Guidelines offense level").

7. Lubyk knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 18 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 4. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 4. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court

accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

8. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.